■ MARCEL J. THIBERT, Respondent, v. ERIE CRUMP, Defendant, and LAWRENCE POWERS et al., Appellants. — Appeal by the defendants Powers from a judgment of the Supreme Court, St. Lawrence County, entered upon a verdict of a jury. The plaintiff was a passenger in an automobile owned and operated by the defendant Crump, proceeding in a westerly direction along New York State Route No. 37, on December 22, 1954. The defendant Lawrence Powers was operating a car owned by his wife, the defendant Yvonne Powers, in an easterly direction. The road was straight but not level. As Crump's car came over a small rise of knoll, it started to skid on an icy patch in the roadway. The car slid sideways down the grade to the left into the path of the defendant Powers' car. There was evidence from which the jury could have found that there was a distance of about 500 feet between the two cars when the Crump car started to skid. The defendant Powers failed to stop his car in time to avoid a collision and a collision occurred on his side of the road. The jury returned a verdict in the amount of $28,000 against the drivers and owners of both cars. The defendant Crump paid $10,000 in partial satisfaction of the judgment and did not appeal. Upon this appeal, the defendants Powers contend that the verdict of the jury holding them liable was against the weight of the evidence and that the amount of the verdict was excessive. We cannot say that the verdict of the jury on the issue of liability was against the weight of the evidence, assuming, as we must, that the jury accepted the version of the accident most favorable to the plaintiff. Neither does the amount of the verdict seem to us to be excessive in view of the serious injuries suffered by the plaintiff. The plaintiff suffered a double fracture of the pubic bone and a fracture of the sacrum. The pelvis was left deformed and there was a permanent curvature of the spine due to the tilting of the pelvis. Judgment and order appealed from affirmed, with costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ PAUL E. PHELPS, Appellant, v. RUTH E. PHELPS, Respondent. — Appeal from an order of a Special Term of the Supreme Court, Saratoga County. The order changes temporarily and until further hearing is had in October the custody provisions of a decree of divorce. A sufficient showing of a change in the capacity and disposition of the mother to care for the children has been made to justify re-examining the merits of the question of custody. The decree expressly provided for such re-examination. The plaintiff is in the military service and not able himself to care for the children but delegated this to his sister. The court considered the affidavits presented by both sides and examined the plaintiff, defendant, and plaintiff's sister, informally but on the record, on material facts relevant to custody. Plaintiff's counsel made no objection to this informal inquiry pursued by the court or to the court's consideration of the report of the investigator appointed by him to examine conditions in both homes; nor did he ask to swear or cross-examine any witness. He now argues that the proceeding was not an adversary hearing. If on the adjourned day plaintiff requests the right to see any report or to swear and examine any witness whose report, affidavit or testimony is to be considered in determining the issue of custody, the right shall be allowed. We think the temporary alteration of the judgment is justified on the record. Order affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.